UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES CAHILL,<br><br>　　Petitioner,<br><br>v.<br><br>RANDEE REWERTS, *Warden*,<br><br>　　Respondent. | Case No. 19-12658<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1]**

　　In 2016, Charles Cahill drunkenly sped down a two-lane highway, which had a speed limit of 55 miles-per-hour. He had a blood-alcohol content of .20—roughly two and a half times the legal limit—a suspended license, and a lengthy history of drunk driving. He rear-ended a minivan at 82 miles-per-hour, killing a twelve-year-old girl.

　　Cahill eventually pled guilty to, among other crimes, second-degree murder and was sentenced to up to 50 years in prison. Cahill unsuccessfully appealed his convictions to the Michigan Court of Appeals. He then went to the Michigan Supreme Court, but it did not grant Cahill leave for further appeal. Cahill later returned to the trial court with a motion for relief from judgment, but that motion was denied. His motion for leave to appeal that decision was denied for failure to pay the entry fee. The Michigan Supreme Court again denied leave to appeal.

Cahill now turns to federal court, seeking a writ of habeas corpus based on the same claims raised in his state-court motion for relief from judgment. Having reviewed the pleadings and the state-court record, the Court DENIES the petition.

## I.

In November 2016, Cahill pled guilty in Wayne County Circuit Court to five counts: second-degree murder, Mich. Comp. Laws § 750.317; operating under the influence causing death, Mich. Comp. Laws § 257.625(4)(b); operating with a high blood alcohol content, Mich. Comp. Laws § 257.625(1)(c); operating with a suspended license causing death, Mich. Comp. Laws § 275.904(4); and possessing an open container of alcohol in a vehicle, Mich. Comp. Laws § 257.624a. (ECF No. 7-9, PageID.181; ECF No. 7-4, PageID.93.) He did so without a sentencing agreement or recommendation. (ECF No. 7-4, PageID.91.)

Cahill was sentenced as a fourth habitual offender to 27–50 years of incarceration for the murder conviction, and to lesser, concurrent sentences for the other counts. (ECF No. 7-5, PageID.121.)

Cahill appealed. But he appealed late. Still, in an application for leave to appeal to the Michigan Court of Appeals, his appointed appellate counsel raised two issues. But both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *People v. Cahill*, No. 339100 (Mich. Ct. App., Aug. 17, 2017) (unpublished order available at ECF No. 7-9), *affirmed*, *People v. Cahill*, 906 N.W.2d 794 (Mich. 2018) (unpublished order available at ECF No. 7-10).

Cahill then returned to the trial court with a motion for relief from judgment. (ECF No. 7-6.) He raised three claims in his motion: (1) the factual basis established during his plea hearing was insufficient to support his second-degree murder conviction; (2) trial counsel was ineffective when she advised him to plead guilty as there was at least a reasonable chance he would have been acquitted at trial, and he would not have pled guilty had he known that; and (3) appellate counsel was ineffective for not raising the previous two issues. (*Id.* at PageID.125.) The trial court disagreed and denied the motion, finding that "defendant's admission during his guilty plea was more than sufficient to sustain a factual basis for his conviction for second degree murder" and that Cahill had not proven that he had ineffective counsel at the trial or appellate level. (ECF No. 7-7, PageID.146, 149–150.)

On November 26, 2018, Cahill filed a motion for leave to appeal and moved to waive the $375 entry fee, professing indigency. (ECF No. 7-11, PageID.256, 337–338.) He sent the court a copy of his prisoner account statement, which showed a balance of $548.66 on November 5, 2018. (*Id.* at PageID.238.) Another statement, dated December 6, 2018, showed a balance of $524.48. (*Id.* at PageID.250.) On December 26, the Court of Appeals denied Cahill's motion to waive fees because his prisoner account statement indicated his ability to pay. (*Id.* at PageID.252.)

On January 10, 2019, Cahill filed a motion for reconsideration of the denial of his motion to waive fees, arguing that Michigan law did not require him to pay a fee. (ECF No. 7-11, PageID.343–347.) He also submitted a copy of his prisoner account statement reflecting an account balance of only $342.75. (ECF No. 7-12, PageID.372.)

The court of appeals denied the motion and directed Cahill to pay the full amount owed within seven days of its order. (ECF No. 7-11, PageID.253.) A few weeks later, the court dismissed Cahill's application without prejudice "for failure to pursue the case in conformity with the rules . . . [as] appellant failed to pay the entry fee in a timely manner." (ECF No. 7-8, PageID.151.) The Michigan Supreme Court denied leave to appeal the lower court's order. *People v. Cahill*, 931 N.W.2d 348 (Mich. 2019) (unpublished order available at ECF No. 7-12).

Cahill now brings this *pro se* petition for a writ of habeas corpus, raising the same arguments made in his motion for relief from judgment. Finding the claims defaulted, the Court denies the petition.

## II.

A federal court may not grant a writ of habeas corpus unless "the applicant has exhausted all available remedies in state court." 28 U.S.C. § 2254(b)(1)(A). To be properly exhausted, each claim must have been "fairly presented" to the state courts, including the court of appeals and the state supreme court. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Fair presentation requires that the state courts be "given the opportunity to see both the factual and legal basis for each claim." *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). Further, when a petitioner fails to exhaust his claims, and has no remaining state-court remedy, his claims are properly deemed procedurally defaulted rather than simply unexhausted. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Landrum v. Mitchell*, 625 F.3d 905, 918 (6th Cir. 2010).

Procedurally defaulted claims may only be reviewed in federal court if the petitioner can demonstrate: (1) cause to excuse the default and actual prejudice from the alleged constitutional violation; or (2) that failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 772, 750 (1991).

### III.

Relying on *Gray* and *Landrum*, the Warden argues that all of Cahill's claims are procedurally defaulted. (ECF No. 6, PageID.43–49.) The Court agrees.

Though none of Cahill's habeas claims were raised on direct appeal, he did raise all three in his motion for relief from judgment. (*See* ECF No. 7-6.) But the Michigan Court of Appeals and Michigan Supreme Court never considered the factual or legal bases of these claims because Cahill failed to pay the entry fee. So these claims were not "fairly presented" to the higher courts and have not been exhausted. *See Wagner*, 581 F.3d at 414–15.

Further, Cahill has no remaining state-court remedy because he already filed a motion for relief from judgment in the state trial court. And Michigan Court Rule 6.502(G)(1) bars him from filing another one, absent limited exceptions not relevant here. *See Wright v. Jackson*, No. 18-2443, 2019 WL 7372698, at *4 (6th Cir. Mar. 29, 2019) (finding procedural default where claims were unexhausted and petitioner had already filed one motion under Mich. Ct. R. 6.502(G)(1)). Thus all of Cahill's habeas claims are procedurally defaulted.

5

So the question becomes whether Cahill can show either: (1) cause to excuse the default and actual prejudice from the alleged constitutional violation; or (2) that failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 772, 750 (1991).

To show cause, a petitioner must establish that some "external impediment" frustrated his ability to comply with the state's procedural rule. See *Murray v. Carrier*, 477 U.S. 478, 488, 492 (1986); *Theriot v. Vashaw*, 982 F.3d 999, 1004 (6th Cir. 2020).

Though Cahill does not directly argue he had cause, he suggests that the Michigan Court of Appeals violated the Constitution when it denied his motion to waive fees. (ECF No. 1, PageID.6; ECF No. 8, PageID.389–390.) Specifically, Cahill argues that "when the Court of Appeals prohibited [him] from appealing because of his inability to pay the $375 filing fee, Due Process and Equal Protection under the Fourteenth Amendment were denied." (ECF No. 8, PageID.389–390.) Construing this argument liberally, the Court understands Cahill to suggest that his alleged indigency was an "external impediment" that prevented him from fairly presenting his claims to Michigan's appellate courts. And Cahill is correct that the "Supreme Court has long held that procedures which limit an indigent defendant's access to the courts, where that limitation could result in a deprivation of liberty, are constitutionally deficient." *Clifton v. Carpenter*, 775 F.3d 760, 766–67 (6th Cir. 2014); *see also Lane v. Brown*, 372 U.S. 477 (1963); *Burns v. Ohio*, 360 U.S. 252 (1959).

6

To the extent Cahill's argument is meant to demonstrate cause excusing the default, he was not unable to afford the filing fee when he filed his motion for leave to appeal. Indeed, Cahill sought to waive the $375 filing fee on November 26, 2018, but the records from his trust account indicate a $548.66 balance on November 5 and a $524.48 balance on December 6. It wasn't until January 10, 2019 that Cahill's balance fell below $375—more than a month after he filed the motion to waive fees and two weeks after the Michigan Court of Appeals denied it. Cahill does not explain what prevented him from paying the fee when he had the necessary funds in his account or otherwise argue that he should have been considered indigent despite having the funds.[1] (*See* ECF No. 8.) So the Court does not see why his alleged indigency would provide cause to excuse the default.

And to whatever extent Cahill meant this argument to be an independent basis for habeas relief, "the Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007)) (citing *Kirby v. Dutton,* 794 F.2d 245, 246–47 (6th Cir. 1986)). That Court has explained that habeas—which is an avenue to challenge a petitioner's custody—is not the appropriate means to bring post-conviction claims that, even if meritorious, would not result in the release of the petitioner or a reduction in the time to be served. *See Kirby,* 794 F.2d at 246.

---

[1] Notably, Cahill's motion for reconsideration in the Michigan Court of Appeals also failed to argue that he was indigent. (*See* ECF No. 7-11, PageID.346–347.) Instead, he argued that no fee was required under Michigan law. (*Id.*)

7

The only other argument that Cahill arguably raises to show cause for the default is ineffective assistance of counsel. (*See* ECF No. 1, PageID.6 (referencing ECF No. 7-6, PageID.140 (Cahill's motion for relief from judgment)).) But Cahill did not have counsel when he sought leave to appeal the denial of his motion for relief from judgment. So the failure to pay the filing fee, and thus the failure to exhaust, cannot be blamed on his counsel's ineffectiveness.

So Cahill has failed to show cause to excuse the default.

And Cahill does not even argue for prejudice. (*See generally* ECF Nos. 1, 8.) Therefore, he forfeited this issue. *See Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 621 (6th Cir. 2013) ("Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited."). So Cahill failed to excuse his default by showing cause and prejudice.

Accordingly, Cahill can only obtain a merits review of his claims from this Court if he shows that a constitutional error resulted in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). But this requires Cahill to have "new reliable evidence showing that he is actually innocent." *Dufresne v. Palmer*, 876 F.3d 248, 256 (6th Cir. 2017). Cahill has presented no such evidence. So he cannot clear the procedural bar this way either.

In sum, all of Cahill's habeas claims have been defaulted, and he has provided the Court no reason to overlook the default.

## IV.

For the foregoing reasons, the Court DENIES Cahill's petition for a writ of habeas corpus. (ECF No. 1.) A separate order on Cahill's certificate of appealability and a separate judgment will follow.

SO ORDERED.

Dated: May 19, 2022

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE